UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H., a minor, by her guardian ad litem Chantal Holt, WILLIAM KENNETH HOLT and CHANTAL HOLT,<br><br>             Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | No. CIV. S-11-1963 LKK DAD<br><br>**ORDER** |

The parties' in limine motions came on for hearing on February 10, 2014.  The court rules as follows:

   1.   Plaintiffs' motion to preclude Dr. Richard Stahlman from giving expert testimony is **DENIED**.

   2.   Plaintiffs' motion to preclude Lt. Col. Dr. Carol M. Copeland from giving expert testimony is **GRANTED**.

   3.   Plaintiffs' motion to preclude Carla Spikowski, N.P., from giving expert testimony is **GRANTED**.

   4.   Plaintiffs' motion to preclude Dr. Dennis Szurkas from giving expert testimony is **GRANTED**.

   5.   Plaintiffs' motion to preclude Nathaniel Bone from

1

testifying as a percipient witness is **DENIED**, as he is on plaintiffs' witness list; the motion to preclude him from giving expert testimony is **GRANTED.**

6. Plaintiffs' motion to preclude William Houston from testifying as a percipient witness is **DENIED**, as he is on plaintiffs' witness list; the motion to preclude him from giving expert testimony is **GRANTED.**

7. Plaintiffs' motion to preclude Norella Hobby, R.N. from giving expert testimony is **DENIED**, as she is only being offered as a percipient witness.

8. Plaintiffs' motion to preclude Dr. Julian T. Parer from giving expert testimony is **DENIED**.

9. Plaintiffs' motion to preclude Dr. Bansi Vora from giving expert testimony is **GRANTED**, but Dr. Vora may testify about the care and treatment she provided to plaintiffs and conversations she had with plaintiffs.[1]

10. Plaintiffs' motion to preclude Dr. Paul Shales from giving expert testimony, is **GRANTED**, but Dr. Shales may testify about the care and treatment he provided to plaintiffs and conversations he had with plaintiffs.

11. Plaintiffs' motion to preclude Dr. Anthony Delgado from

---

[1] "Parties must … disclose the subject matter and a summary of facts and opinions for testifying experts who fall outside the report requirement. Fed. R. Civ. P. 26(a)(2)(C). These experts typically include treating physicians or a party's employees who do not regularly provide expert testimony." Republic of Ecuador v. Mackay, ___ F.3d ___, 2014 WL 341060 at *10 (9th Cir. 2014). However, at the hearing on these motions, plaintiffs stated that they did not object to allowing the treating physicians to testify about "their care and treatment of the patient and what they told the patient." Transcript at 7.

1 giving expert testimony, is **GRANTED**, but Dr. Delgado may testify
2 about the care and treatment he provided to plaintiffs and
3 conversations he had with plaintiffs.
4     12.  Plaintiffs' motion to preclude Dr. Timothy Livingston
5 from giving expert testimony, is **GRANTED**, but Dr. Livingston may
6 testify about the care and treatment he provided to plaintiffs
7 and conversations he had with plaintiffs.
8     13.  Plaintiffs move to preclude Dr. Hannah Glass from
9 giving expert rebuttal testimony, on the grounds that she was not
10 timely disclosed as a rebuttal expert.[2] The government asserts
11 that Dr. Glass would only be called to testify if the court
12 permits plaintiffs' experts to testify beyond the scope of their
13 expert reports.[3] This is a matter to be decided at trial, as the
14 government will have an opportunity to object to any expert
15 testimony proffered at trial that goes beyond their expert
16 reports, rendering Dr. Glass's testimony unnecessary.
17 Accordingly, plaintiffs' motion is **GRANTED.**
18     14.  Plaintiffs' motion to exclude defendant's Exhibit 3L is
19 **DENIED**.
20     15.  Plaintiffs' motion to add S.H. as a witness is **GRANTED**.
21     16.  Plaintiffs' motion to add a "day in the life" video of
22 S.H. is **DENIED**.
23     17.  Plaintiffs' motion to permit the video-conference
24 testimony of Dr. Thorpe was **WITHDRAWN**.

---

[2] This matter was taken under submission.

[3] The government asserts that Dr. Glass submitted an affidavit, in opposition to the summary judgment motion, that went beyond the scope of her expert report.

    18.   Defendant's motion to limit plaintiffs' expert testimony to the opinions contained in their expert reports is **GRANTED**.

    19.   Defendant's motion to exclude plaintiffs' expert affidavits, Exhibits 14-18, is **DENIED**.

    20.   Defendant's motion to exclude plaintiffs' expert reports, Exhibits 9-13, is **DENIED**.

    21.   Defendant's motion to strike plaintiffs' damages request is **DENIED**.

IT IS SO ORDERED.

DATED: February 24, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4