UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H., a minor, by her guardian ad litem Chantal Holt, WILLIAM KENNETH HOLT and CHANTAL HOLT,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. CIV. S-11-1963 LKK DAD<br><br>**ORDER** |

　　The trouble started when the parties jointly submitted a list of undisputed facts as part of their Joint Pretrial Statement (see ECF No. 60). Plaintiffs submitted the same list of undisputed facts with their separate Pretrial Conference Statement (see ECF No. 61). Plaintiffs then filed a Supplemental Pretrial Statement asking to move eleven (11) of the undisputed facts to the "disputed" facts section (ECF No. 65).

　　The court then issued the Amended Pretrial Conference Order (Tentative), with the requested eleven formerly undisputed facts moved to the "disputed" facts section. Thereupon, plaintiffs filed Plaintiffs' Objections and Clarifications to Tentative

1

1 | Pretrial Conference Order (ECF No. 69) asking to move thirteen
2 | (13) additional undisputed facts to the "disputed" facts section
3 | (ECF No. 69).  Notwithstanding the tardy request, the court
4 | permitted the switch, over the government's objection.
5 |     The court then issued the (Amended) Final Pretrial
6 | Conference Order (ECF No. 82).  That Order noted that some of the
7 | "disputed" facts had previously been identified as "undisputed,"
8 | and accordingly instructed the government to advise the court if
9 | these changes would require changes in its own submissions or the
10 | schedule.  The government then filed a Notice of Supplemental
11 | Trial Exhibits, adding government Exhibits 3N to 3U in response
12 | to the change of facts from "undisputed" to "disputed" (ECF
13 | No. 99).
14 |     On February 13, 2014, plaintiffs, without seeking leave of
15 | court, filed their own Supplemental Exhibit List (ECF No. 101).
16 | Plaintiffs' explanation for their own late designation of
17 | exhibits was that some were identified as exhibits by the
18 | government, some "were necessary to respond to Defendant's motion
19 | in limine," some were promised in July 2013 and only produced on
20 | February 12, 2014, and some were "necessary to respond to those
21 | exhibits only provided by Defendant on February 12, 2014."  The
22 | only acceptable explanation for this late designation is for
23 | those documents that plaintiffs need to respond to the
24 | supplemental exhibits recently designated by the government,
25 | namely Exhibits 3N to 3U (which the government designated in
26 | response to plaintiffs' switching facts to the "disputed"
27 | column).  Therefore, the court will permit plaintiffs to
28 | designate only those exhibits described by plaintiffs as

"[n]ecessary to respond to those exhibits only provided by Defendant on February 12, 2014."  Since there would appear to be no prejudice to the government in also accepting plaintiff's designation of the government's own exhibits, plaintiffs may also designate those supplemental exhibits.

On March 7, 2014, plaintiffs, without seeking leave of court, filed a "Further Supplemental Exhibit List" (ECF No. 134). This document purports to add fourteen (14) additional exhibits for plaintiffs, Exhibits 52-A to 52-N.  The apparent explanation for these documents is that they were requested in July 2013, and only recently received.  Plaintiffs do not offer any explanation for why they did not ask the Magistrate Judge to compel the production of these documents, but instead waited eight (8) months for their production.  Plaintiffs may not designate these exhibits.

Accordingly, the court orders as follows:

Plaintiffs may designate the following supplemental exhibits: 48-51, and 53-59.  The remaining supplemental documents will not be designated as exhibits.

IT IS SO ORDERED.

DATED:  March 10, 2014.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3