UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H., a minor, by her guardian ad litem Chantal Holt, WILLIAM KENNETH HOLT and CHANTAL HOLT,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No. CIV. S-11-1963 LKK DAD<br><br>**ORDER** |

During trial of this matter, plaintiffs' counsel asked the expert witness he had called to the stand, Jenny McNulty, MBA, to refer to Plaintiffs' "Exhibit 31." The government objected, because the 6-page Exhibit 31 plaintiffs exchanged with the government was a different Exhibit 31 than plaintiffs' counsel was asking the witness to refer to. Plaintiffs' counsel was asking the witness to refer to an Exhibit 31 that totaled 338 pages.

The 6-page Exhibit 31 plaintiffs exchanged with the government was a "Designation of Experts." Each entry identified an expert, and stated that various documents – for example, the

1

1 expert report, the supplemental report, a curriculum vitae and
2 prior testimony – were "attached hereto."  However, none of the
3 referenced documents (totaling 332 pages) were, in fact, attached
4 thereto.  The government, of course, upon receiving this
5 obviously defective document during the pretrial exchange of
6 documents, could simply have asked plaintiffs to re-designate it,
7 and to include all the missing documents as part of the exhibit,
8 thus solving the problem long ago.  Apparently the government did
9 nothing (not that this inaction excused the behavior of
10 plaintiffs' counsel).

11     The court has examined the matter, queried counsel for both
12 parties, and examined both documents marked "Exhibit 31."  The
13 court has determined that plaintiffs did provide the government
14 with the 6-page Exhibit 31, numbered "Page 1 of 6" to "Page 6
15 of 6," during the pretrial exchange of exhibits to be used at
16 trial that was required by this court's Pretrial Order.  However,
17 on or about the first day of trial, plaintiffs switched that
18 exhibit out and replaced it with a 338-page Exhibit 31, numbered
19 "Page 1 of 338" to "Page 338 of 338."[1]  This much larger
20 Exhibit 31 is the one that plaintiffs provided to the court, and
21 was asking the expert witness to use in her testimony at trial.

---

[1] By specifically asserting that the original exhibit had only 6 pages, plaintiffs appear to have added an element of deception into their conduct.  Had they been clear that there were 338 pages, but then only provided 6 of them, they could more realistically argue that they had committed only a simple, inadvertent omission (of 332 pages of documents).  In any event, it would have clearly put the government on notice that the documents were simply missing, rather than lead it to believe that the documents had been deliberately omitted, and would not be used at trial.

This trial use of an exhibit that had not been exchanged with the government is in plain violation of the court's Pretrial Order, and sanctionable.

1.  The immediate question for the court however, was whether the expert should be permitted to use the new, 338-page Exhibit 31.  (Plaintiffs did not request to move the exhibit into evidence, and it was not received into evidence.)  The court reluctantly permitted the expert to use the exhibit, for several reasons.

First, the witness was an expert, she was asked to refer only to her own expert report, and it appears that she used that report to refresh her recollection.

Second, the government had never bothered to depose the expert (nor, apparently, any other expert in this case), showing a surprising lack of interest in the expert's eventual testimony at trial, or the documents she would rely upon.

Third, the government was provided all of the missing documents during an earlier exchange of documents that occurred over a year ago.  Accordingly, the government knew exactly what documents were missing from the exhibit, as they were specified in the 6-page Exhibit 31, and had possession of them.

Fourth, the government's case does not appear to have been prejudiced by the conduct of plaintiffs' counsel, however outrageous it was.  Specifically, each of the missing documents were identified with particularity in the 6-page Exhibit 31, the government had possession of every one of the missing documents, and the government did nothing to correct the situation when it was given the 6-page exhibit that was obviously missing every

single one of the documents that were supposedly "attached hereto."

Fifth, the government, in objecting to plaintiffs' use of the exhibit, did not argue that it suffered any prejudice. Rather, it argued that it was objecting because plaintiffs had violated the Pretrial Order. The court appreciates having this matter brought to its attention by the government, but the proper response will lie in a sanction against plaintiffs' counsel, rather than not permitting the expert to refer to her own expert report.

Accordingly, the court **CONFIRMS** its earlier ruling that plaintiffs' expert witness be permitted to use the 338-page Exhibit 31 in her testimony.

2. The conduct of plaintiffs' counsel in this matter, however, cannot go unaddressed. Accordingly, Martin Berman, Esq. (Cal. Bar No. 33283), counsel for plaintiffs, is ordered to **PAY SANCTIONS** in the amount of $500 to the Clerk of this Court within ten (10) days of the effective date of this order. Counsel shall also file with the court an affidavit indicating that said sanction is paid personally by counsel, out of personal funds, and is not to be billed, directly or indirectly, to the client or in any way made the responsibility of the client.

IT IS SO ORDERED.

DATED: March 17, 2014.

_[signature]_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4