UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H., a minor, by her guardian ad litem Chantal Holt; WILLIAM KENNETH HOLT; and CHANTAL HOLT,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:11-cv-01963-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant United States of America's ("Defendant") Motion to Alter or Amend Judgment ("Motion") under Federal Rules of Civil Procedure 59 and 60. ECF Nos. 186, 190. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.[1]

///

///

///

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). ECF No. 192.

1

## BACKGROUND[2]

In this case Plaintiffs sought relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, alleging that United States Air Force medical personnel committed medical malpractice. ECF No. 184 at 1. Specifically, Plaintiffs asserted that even though Air Force medical personnel provided care for, or were aware of Plaintiff Chantal Holt's two premature deliveries, and one miscarriage, they (1) failed to warn Chantal about the added dangers she faced during her then-current pregnancy with Plaintiff S.H., (2) failed to prepare Chantal for those dangers, and (3) failed to caution Chantal against traveling overseas to a facility that was not equipped to handle those dangers. Id. at 2. Plaintiffs asserted that this malpractice was the proximate cause of S.H.'s premature birth and resulting cerebral palsy. Id.

The Court[3] held a bench trial commencing on March 11, 2014. ECF No. 140. The trial concluded on March 20, 2014, and the matter was submitted pending the submission of post-trial briefs. ECF No. 153. The parties filed post-trial briefs on May 5, 2014. ECF Nos. 173 (Plaintiffs), 174 (Defendant). On July 2, 2014, the Court issued an Order resolving the case in Plaintiffs' favor. ECF No. 182. Judgment was entered on July 8, 2014. ECF No. 183. The same day, the Court entered an Amended Order, ECF No. 184; an Amended Judgment was entered the following day, ECF No. 185. In the Amended Order, the Court concluded that Dr. Stahlman, a military doctor acting within the scope of his duties, breached his duty of care to Chantal Holt by clearing her to travel overseas without investigating further her medical history of premature births and miscarriage, and without making any inquiry into whether the receiving base could handle her situation. ECF No. 184 at 61. The Court further found that Dr. Stahlman's

---

[2] Because the parties are familiar with the background of this case, this section recites only a general overview of the facts, some of which are taken verbatim from the Court's July 8, 2014, Amended Order, ECF No. 184.

[3] Prior to his retirement, this matter was assigned to Senior District Judge Lawrence K. Karlton. On August 28, 2014, the matter was reassigned to the undersigned. ECF No. 189.

negligence, and Chantal Holt's subsequent treatment at a base incapable of handling her situation, was the proximate cause of the injuries ultimately suffered by S.H. and her parents, Chantal Holt and William Kenneth Holt. Id.

The Court awarded Plaintiffs $10,409,700 in damages, as follows: (1) $814,028 for S.H.'s lost earnings; (2) $1,711,600 for Chantal Holt's costs of caring for S.H.; (3) $7,384,072 for the future costs of S.H.'s care; (4) $250,000 for S.H.'s non-economic damages; and (5) $250,000 for Chantal Holt and William Kenneth Holts' pain and suffering. ECF No. 184 at 61-63.

On August 5, 2014, Defendant filed the instant Motion, ECF No. 186, which Plaintiffs opposed, ECF No. 187. Defendant filed a Reply on October 9, 2014. ECF No. 191. The Motion is based on two grounds. First, Defendant claims that the Court's Amended Order improperly awarded $7,384,072 for future medical costs without considering the future collateral benefits the United States is already providing and will continue to provide, as required by California Civil Code section 3333.1. ECF No. 186 at 1; ECF No. 186-1 at 2-5. Second, Defendant argues that the Amended Order improperly awarded Plaintiffs more than $8 million in future damages without permitting Defendant to make periodic payments under California Code of Civil Procedure section 667.7(a).

**STANDARD**

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Because this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion.

A court should be loath to revisit its own decisions unless extraordinary

3

circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to

4

reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation.  389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp at 1009 (internal citations omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

## ANALYSIS

### A. California Civil Code § 3333.1

California Civil Code section 3333.1 provides in relevant part as follows:

> In the event the defendant so elects, in an action for personal injury against a health care provider based upon professional negligence, he may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the personal injury pursuant to the United States Social Security Act, any state or federal income disability or worker's compensation act, any health, sickness or income-disability insurance, accident insurance that provides health benefits or income-disability coverage, and any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost or medical, hospital, dental, or other health care services.  When the defendant elects to introduce such evidence, the plaintiff may introduce evidence

>of any amount which the plaintiff has paid or contributed to secure his right to any insurance benefits concerning which the defendant has introduced evidence.

Cal. Civ. Code § 3333.1(a).  The California Supreme Court has explained the effect of the statute as follows: "Th[is] collateral source provision . . . is one of the provisions of [the Medical Injury Compensation Reform Act of 1975] which was intended to reduce the cost of medical malpractice insurance.  Section 3333.1, subdivision (a) . . . authorizes a defendant in a medical malpractice action to introduce evidence of a variety of 'collateral source' benefits—including health insurance, disability insurance or worker's compensation benefits.  Apparently, the Legislature's assumption was that the trier of fact would take the plaintiff's receipt of such benefits into account by reducing damages." Barme v. Wood, 689 P.2d 446, 449 (1984) (emphasis in original).  Notably, "[e]arlier drafts . . . required the trier of fact to deduct such collateral source benefits in computing damages, but—as enacted—subdivision (a) simply provides for the admission of evidence of such benefits, apparently leaving to the trier of fact the decision as to how such evidence should affect the assessment of damages." Id. n. 5.  "Thus, section 3333.1 does not preclude recovery of such damages; rather, it allows the [trier of fact] to decide how to apply the evidence in calculation of damages."  Hernandez v. Cal. Hosp. Med. Ctr., 78 Cal. App. 4th 498, 506 (2000).

Defendant contends that because section 3333.1 applies to FTCA cases, and Defendant pled section 3333.1 as an affirmative defense and introduced detailed evidence on the amount of benefits S.H. is expected to receive in the future from Defendant, the Court was required to consider the effect of section 3333.1 when awarding damages for S.H.'s future medical costs. ECF No. 186-1.  Defendant does not argue that section 3333.1 requires an offset; rather, Defendant claims only that the statute requires consideration of an offset.  ECF No. 186-1 at 3:3-11; ECF No. 191 at 3:14-25.

As an initial matter, although the Ninth Circuit has held that California Civil Code section 3333.2 applies to actions under the FTCA, see Taylor v. United States, 821 F.2d

1428, 1430 (9th Cir. 1987), it is not clear that section 3333.1 does. See Desart By and Through Desart v. United States, 1989 WL 99253 at *3 (9th Cir. 1989) (holding that a reduction of damages in an FTCA case was not an abuse of discretion "should section 3333.1 apply"). However, because Plaintiffs do not contest that section 3333.1 applies to this case and a determination of that issue will not affect the ultimate resolution of the Motion, the Court assumes without deciding that section 3333.1 applies in this case.

Plaintiffs do, however, contest Defendant's argument that section 3333.1 applies to future collateral source benefits. This question similarly does not appear to have a clear answer. Indeed, as recently as 2013, a California appellate court noted there were "good arguments" rebutting a defendant's interpretation that section 3333.1 applies to future collateral source benefits. See Leung v. Verdugo Hills Hosp., 2013 WL 221654 at *4 (Cal. Ct. App. Jan. 22, 2013); but see Silong v. United States, 2007 WL 2580543 at 13-18 (E.D. Cal. Sept. 5, 2007) ("[California] and federal law provide the Government legal grounds to seek an offset for future costs."). Ultimately, the Leung court resolved that case without deciding whether section 3333.1 applies to future collateral source benefits. Because it will not affect the outcome of this case, the Court assumes without deciding that pursuant to section 3333.1 a trier of fact can consider future collateral source benefits and reduce a damages award accordingly.

The Court will also assume without deciding that because Defendant raised collateral source offset as an affirmative defense,[4] ECF No. 18 at 5:28-6:3, and questioned witnesses regarding the extent of benefits Defendant will provide S.H. going forward, the Court was required to address section 3333.1 in the Amended Order. Defendant's Motion is GRANTED on this point only and the Court will consider the application of section 3333.1 to this case.

Defendant argues that S.H. will be provided medical care and skilled nursing care for the rest of her life, and that S.H.'s actual out-of-pocket costs will be no more than

---

[4] The Court notes that Defendant neither cited to section 3333.1 nor argued for an offset from any future medical costs the Court could have awarded S.H. in its post-trial brief. ECF No. 174.

$4,599 per year under the Air Force's TriCare for Life ("TriCare") program.  ECF Nos. 186, 191.  The Court exercises its discretion under section 3333.1 and finds that Defendant is not entitled to an offset from the future medical costs awarded by the Amended Order.  Defendant did not designate or call an expert witness to testify as to what level of care Defendant would provide S.H. in the future or the value of that care.  Moreover, it appears that Defendant did not introduce into evidence a summary of any plan that would cover S.H. in the future or a schedule of benefits under any such plan.  Rather, Defendant presented limited lay witness testimony about TriCare.  And even this testimony from Lt. Col. Carol Copeland, who testified at her deposition that at the time she did not speak to TriCare issues at all, was inconclusive and speculative on the issues of S.H.'s eligibility for continued health care coverage at Defendant's expense and the level of that coverage.

For instance, Lt. Col. Copeland testified that she "[didn't] claim to have special expertise in TriCare," ECF No. 169 at 585:16, that it was only her "impression" that S.H. would qualify for TriCare, ECF No. 169 at 582:7-10, that she "[couldn't] say that TriCare would cover everything, because all healthcare policies have specific provider networks or facilities that they have made arrangements with," ECF No. 169 at 582:15-17, that "it would be important for [Plaintiffs] to consult with a TriCare benefits advisor" to determine co-pays and other out-of-pocket expenses, ECF No. 169 at 583:12-13, that TriCare "benefits might change" "[s]imilar to all other health insurance plans," ECF No. 169 at 583:16-18, 24-25, and that she didn't "know the details about the TriCare benefit and [S.H.'s] specific situation," ECF No. 169 at 585:6-7.  In fact, Lt. Col. Copeland's knowledge on TriCare apparently stems only from navigating the different TriCare plans and options for her dependent parents' "particular situation."  ECF No. 169 at 583:16-21.  Neither does the testimony from Plaintiffs William Kenneth Holt or Chantal Holt demonstrate S.H.'s eligibility for continued care at Defendant's expense or the level of that care.

In sum, Defendant had an opportunity to present compelling evidence of future

collateral benefits S.H. would receive, yet failed to designate or call an expert to testify to this point, submit compelling documentary evidence, or even argue the issue in its post-trial brief. On this record, the Court declines under section 3333.1 to offset any potential future collateral benefits S.H. may receive and the Motion is DENIED on this point.

### B. California Code of Civil Procedure § 667.7(a)

California Code of Civil Procedure section 667.7(a) states in relevant part:

> In any action for injury or damages against a provider of health care services, a superior court shall, at the request of either party, enter a judgment ordering that money damages or its equivalent for future damages of the judgment creditor be paid in whole or in part by periodic payments rather than by a lump-sum payment if the award equals or exceeds fifty thousand dollars ($50,000) in future damages. In entering a judgment ordering the payment of future damages by periodic payments, the court shall make a specific finding as to the dollar amount of periodic payments which will compensate the judgment creditor for such future damages. As a condition to authorizing periodic payments of future damages, the court shall require the judgment debtor who is not adequately insured to post security adequate to assure full payment of such damages awarded by the judgment. Upon termination of periodic payments of future damages, the court shall order the return of this security, or so much as it remains, to the judgment debtor.

Cal. Code Civ. Pro. § 667.7(a). California courts have interpreted section 667.7(a) as providing generally that when a plaintiff in a medical malpractice action is awarded $50,000 or more in future damages, the trial court, <u>upon a timely request</u>, shall enter a judgment providing for the periodic payment of those damages. <u>Hrimnak v. Watkins</u>, 38 Cal. App. 4th 964, 971-72 (1995).

Defendant argues that its request for periodic payments of the future damages awarded S.H. was timely, and requests that the Court set an evidentiary hearing to receive testimony from Plaintiff's trial expert, Jennifer McNulty. ECF No. 186-1 at 5-6. Specifically, Defendant contends that by raising periodic payments as an affirmative defense in its Answer, ECF No. 18 at 6:11-3, and asking questions of Ms. McNulty, constituted a timely request. Conversely, Plaintiff argues that Defendant's request to make periodic payments of future damages is untimely, and that in any event Defendant

should not be given another bite at the apple through an additional hearing. ECF No. 187 at 12-15. Plaintiff notes that Defendant did not specifically request that the Court make periodic payments at any time prior to the instant Motion, and failed to raise the issue in its trial brief, post-trial brief, or its proposed findings of fact and conclusions of law. Moreover, Plaintiff points out that Defendant never designated its own witness to testify to the gross value of damages in the event S.H. was in fact awarded damages for future medical costs.[5]

The Court finds that Defendant's request for periodic payments was untimely. Hrimnak is instructive. In Hrimnak, the court found that the defendant timely requested the application of section 667.7 where he raised it in his answer, during pretrial hearings, and immediately after the jury returned its verdict. 38 Cal. App. 4th at 973. Here, although Defendant raised the statute as an affirmative defense, Defendant took no further steps to apprise the Court of its request for periodic payments.

The Court also finds that section 667.7 does not permit the Court to replace the current lump sum judgment with a periodic payment schedule. In Craven v. Crout, 163 Cal. App. 3d 779, 783 (1985), the court found that "nothing in the language of section 667.7 authorizes a court to set aside one judgment awarding lump-sum damages and enter a different judgment ordering periodic payments. On the contrary, the only references in that statute to modification of a judgment are those authorizing or prohibiting modification of the periodic payment judgment itself." Importantly, the Craven court found that such modification was not allowed even though generally California courts retained jurisdiction to entertain a motion for a new trial, a motion for a judgment notwithstanding the verdict, and a motion to vacate a judgment and enter a different judgment based on an incorrect or erroneous legal basis or a judgment not consistent with or not supported by the special verdict. Id. at 782-83. Accordingly, Defendant's Motion is DENIED on this point.

---

[5] Indeed, in the Motion Defendant appears to rely solely on Ms. McNulty's understanding that evidence regarding periodic payments would be introduced after an award was given.

10

**CONCLUSION**

For the foregoing reasons, Defendant's Rule 59(e) Motion, ECF Nos. 186, 190, is GRANTED only to the extent the Court exercises its discretion under California Civil Code section 3333.1.  The remainder of the Motion is DENIED.

IT IS SO ORDERED.

Dated:  October 29, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11